Samuel K. Giles, MBA U.S. Patent Agent Reg. # 68,877
INTELLECTUAL CAPITAL CONSULTING, LTD.
3160 W. 71st Avenue, Suite 307
WESTMINSTER, COLORADO 80030
(800) 545-4290

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2015 OCT -2 PM 4:09

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| INTELLECTUAL CAPITAL CONSULTING, LTD, a Colorado company, Plaintiff, v. VOLVO CAR CORPORATION, a Swedish corporation, and VOLVO CARS OF NORTH AMERICA, LLC a Delaware company, Defendants. | Civil Action No. 1:15-cv-01994-GPG<br><br>PLAINTIFF MOTION TO APPOINT COUNSEL<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF INTELLECTUAL CAPITAL CONSULTING, LTD'S MOTION TO APPOINT COUNSEL

Plaintiff Intellectual Capital Consulting, Ltd. ("ICC"), by way of Samuel K. Giles as a *pro se* litigant, hereby files this Motion to Appoint Counsel, pursuant to D.C.COLO.LCivR 8.1 and 1915(e)(1), in the event the Court enforces the rule of corporate representation in light of the Court's Order to Show Cause (Dkt. No. 8). ICC's Motion is made and based upon the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  **INTRODUCTION**

The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants. See, e.g., *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir.1993) ("Appointment of counsel in a civil case is not a constitutional right.")

(internal quotations and citations omitted); *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir.1990) (same); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir.1986) ("There is normally ... no constitutional right to counsel in a civil case."). Additionally, civil litigants do not even have a statutory right to appointed counsel. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir.1993). Despite the lack of a constitutional right to counsel, section 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Such appointment is discretionary, and thus, we respectfully submit that the district court utilize its discretion to appoint counsel on ICC's behalf.

Additionally, whether or not the Court considers ICC's action "exceptional," ICC submits that by utilizing its "inherent power to supervise proper administration of justice" the Court can appoint counsel on behalf of ICC to nullify any burdens of *pro se* corporate representation. See *Tabron*, 6 F.3d at 155 (rejecting "exceptional circumstances" test); *Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir.1992) ("The appointment of counsel should be given serious consideration ... if the [indigent] plaintiff has not alleged a frivolous or malicious claim and the pleadings state a prima facie case.") (internal quotation and citations omitted); *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir.1986) (rejecting the "exceptional circumstances" rationale and adopting factors enunciated in Maclin v. Freake, infra); *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir.1981) (per curiam) (delineating factors courts should consider in appointing counsel including merits of claim, chance of success, complexity of factual evidence and legal issues, whether conflicting testimony will be presented, and capability of litigant to represent himself). In fact, this circuit has found "[n]othing in [the] clear language [of section 1915(e)(1) ] suggests that an appointment is permissible only in some limited set of circumstances. Nor have we found any indication in the legislative history of the provision to support such a limitation." *Tabron*, 6 F.3d at 157.

II.    PRELIMINARY MERIT IN FACT & LAW

As a preliminary matter, the plaintiff's claim must have some merit in fact and law. See *Maclin*, 650 F.2d at 887 ("First, the district court should consider the merits of the indigent litigant's claim."). At some point during patent infringement actions, the Court determines proper construction of the asserted patent claims. The first step of this analysis is to construe the meaning and scope of the disputed claim language. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976, 34 USPQ2d 1321, 1326 (Fed.Cir.1995) (*en banc*), *aff'd*, 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577, 38 USPQ2d 1461 (1996). Even in a jury case, as demanded in this Action, it is the job of the judge to determine the meaning of the claims as a matter of law.

ICC's proposed constructions are the proper meanings of the identified terms that merit construction. See Confidential Exhibit A Section (I) & (IV) (B). The remaining terms do not require construction. ICC submits that aforementioned claim construction has the necessary merit to move the Court to assign counsel and adopt the proposed constructions as detailed above.

Further, the doctrine of equivalents covers accused structures that perform substantially the same function in substantially the same way with substantially the same results. The doctrine of equivalents thus covers structures with equivalent, but not identical, functions. This is true whether the accused equivalent was known at the time of patenting or later arising. Whether the Defendant's accused products assembly are insubstantially different from the claimed assembly in U.S. Patent No. 7,068,151 ('151 Patent) is a question of fact, the resolution of which requires a traditional infringement analysis. *DeMarini Sports*, 239 F.3d at 1330-32, 57 USPQ2d 1899, 1900. ICC submits that, under the doctrine of equivalents, the meritorious '151 Patent claim language should warrant a traditional infringement analysis and impel the Court to assign counsel. See Confidential Exhibit A Section (IV) (B) (i).

Moreover, the Supreme Court held in the case of *Festo v. Shoketsu Kinzoku Kogyo Kabushiki Co.. Ltd.*, 535 U.S. 722 (2002) that estoppel need not bar suit against every equivalent to the amended claim element (*i.e.*, there is no automated "complete bar" that would preclude the patentee from asserting any and all equivalents of the amended

element). In determining the extent of the estoppel, the court noted an examination of the subject matter surrendered by the narrowing amendment must be made. Whether prosecution history estoppel applies to limit the doctrine of equivalents is a question of law for the court. *Bai v. L& LWings, Inc.*, 160 F.3d 1350, 1354 (Fed. Cir. 1998). Similarly, the scope of any surrender under the doctrine of equivalents is also a question of law. *K-2 Corp. v.Salomon S.A.*, 191 F.3d 1356, 1359 (Fed. Cir. 1999). ICC submits that the determination of whether prosecution estoppel applies to the '151 Patent requires a thorough examination of the subject matter and encompasses the necessary merit to move the Court to assign counsel. See Confidential Exhibit A Section (IV) (B) (ii).

Therefore, in light of the proposed claim construction, doctrine of equivalents, and possible prosecution history estoppel, ICC believes that the asserted '151 Patent presents a claim of arguable merit in fact and law, and should evoke the Court to assign counsel.

III.   APPOINTMENT OF COUNSEL AID CRITERIA

If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; (6) whether the plaintiff can attain and afford counsel on his own behalf. See *Maclin*, at 155-56, 157 n. 5. This list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases. Id. at 157.

(1) The plaintiff's ability to present his or her own case

The plaintiff's ability to present his or her case is, of course, a significant factor that must be considered in determining whether to appoint counsel. See *Hodge*, 802 F.2d at 61; *Maclin*, 650 F.2d at 888. Courts generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience. However, in this matter, if the Court has decided to apply the rule of corporation representation, Mr. Giles on behalf of ICC, will be precluded from presenting ICC's case for patent infringement. If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to appointing counsel, see, e.g., *Gordon v. Leeke*, 574 F.2d 1147, 1153 & n. 3 (4th Cir.), cert. denied, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978).

(2) The complexity of the legal issues

In conjunction with the consideration of the plaintiff's capacity to present his or her case, the court must also consider the difficulty of the particular legal issues. The court "should be more inclined to appoint counsel if the legal issues are complex." *Hodge*, 802 F.2d at 61. As the Seventh Circuit stated in *Maclin*, "where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." 650 F.2d at 889. Due to the complexity of the issues regarding the proposed claim construction, discovery rules, doctrine of equivalents, and possible prosecution history estoppel, ICC believes that the asserted '151 Patent presents a claim of arguable merit and should evoke the Court to assign counsel.

(3) Degree to which factual investigation will be necessary

During the initial discovery phase, each side will make demands on the other for responses to written questions and for the production of documents relevant to the issues in the case, followed by depositions of key witnesses, including but not limited to the inventors, design and engineering personnel, and financial and accounting

personnel. Additionally, the current patent infringement claim is likely to require extensive discovery and compliance with complex discovery rules, therefore appointment of counsel may be warranted. See *Rayes*, 969 F.2d at 703 (reversing district court's denial of request for appointment of counsel in part because conditions of indigent prisoner's confinement severely disadvantaged him in discovery).

(4) The amount a case is likely to turn on credibility determinations

Similarly, when a case is likely to turn on credibility determinations, appointment of counsel may be justified. See *Maclin*, 650 F.2d at 888 ("[C]ounsel may be warranted where the only evidence presented to the factfinder consists of conflicting testimony."). The Maclin court explained that when witness credibility is a key issue, "it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross examination." Id.; accord *Hodge*, 802 F.2d at 61; see also *Manning v. Lockhart*, 623 F.2d 536, 540 (8th Cir.1980) (holding that the district court abused its discretion in refusing to appoint counsel where claims were nonfrivolous and the question of fact turned on witness credibility). The current matter before the Court may turn on the credibility of the witnesses and experts. Considering the inherent ambiguity associated with claim construction, doctrine of equivalents, and prosecution history estoppel, the credibility of each witness and expert will likely have a dispositive effect.

(5) Whether the case will require the testimony of expert witnesses

Along the same lines, appointed counsel may be warranted where the case will require testimony from expert witnesses. See *Moore v. Mabus*, 976 F.2d 268, 272 (5th Cir.1992) (district court erred in denying request for counsel to represent indigent civil litigant whose case required testimony from experts on HIV-AIDS management in prison environment). As in many patent infringement proceedings, the current Action before the Court will likely involve an expert witness phase. This Action will likely require expert witness reports to be exchanged, followed by depositions of the experts.

Accordingly, due to the role experts play in patent proceedings, ICC believe it is warranted to appoint counsel in this case.

(6) Whether the plaintiff can attain and afford counsel on his own behalf

As demonstrated in the Application to Proceed without Paying Fees (Dkt No. 4), neither the Plaintiff ICC nor its single shareholder could afford an attorney at this time. Consequently, due to the financial condition and arguable merit of the claim, ICC believes the Court should appoint counsel.

IV.   CONCLUSION

Patent litigation is often an astonishingly complex affair that places a heavy burden the courts. If the rule of corporate representation is adopted, ICC has fewer options than a natural person: ICC can either receive court appointed counsel or lose the opportunity to appear in federal court. Further, the discovery rules in the District of Colorado are complex and will be difficult for Mr. Giles to contend with. Additionally, Mr. Giles' lack of legal experience clearly will put him at a disadvantage countering the defendants' discovery tactics. Moreover, the case may involve credibility determinations, since witnesses will likely dispute certain relevant facts. The current financial conditions of ICC and Mr. Giles may limit their ability to engage in factual investigation. Further, the legal issues in this case appear to be complex, and the applicable law is indistinct.

In lieu of denying ICC access to the Court and any additional burdens provided by *pro se* representation, the foregoing facts and circumstances may impel the Court in the exercise of sound discretion to grant an appointment of counsel. Assigning a court-appointed attorney to ICC would ensure the efficient iterations with all parties, while reducing the Court's burden throughout the proceedings. Therefore, Mr. Giles on behalf of ICC, respectfully submits, pursuant to D.C.COLO.LCivR 8.1 and 1915(e)(1), ICC would qualify for an Appointment of Counsel in this matter.

Date: 10/2/2015

Respectfully submitted,

*Samuel K. Giles* (signature)

Samuel K. Giles, MBA
U.S. Patent Agent, Reg. No. 68,877
INTELLECTUAL CAPITAL CONSULTING, LTD.
3160 W. 71st Avenue, Suite 307
Westminster, CO 80030
skgiles@icapitalconsulting.com