Samuel K. Giles, MBA U.S. Patent Agent Reg. # 68,877
INTELLECTUAL CAPITAL CONSULTING, LTD.
3160 W. 71st Avenue, Suite 307
WESTMINSTER, COLORADO 80030
(800) 545-4290

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2015 OCT -2 PM 4: 09

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| INTELLECTUAL CAPITAL CONSULTING, LTD, a Colorado company,<br>Plaintiff,<br>v.<br>VOLVO CAR CORPORATION, a Swedish corporation,<br>and<br>VOLVO CARS OF NORTH AMERICA, LLC a Delaware company,<br>Defendants. | Civil Action No. 1:15-cv-01994-GPG<br><br>PLAINTIFF RESPONSE TO ORDER TO SHOW CAUSE (DKT NO. 8)<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF INTELLECTUAL CAPITAL CONSULTING, LTD'S RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff Intellectual Capital Consulting, Ltd. ("ICC"), by way of Samuel K. Giles as a *pro se* litigant, hereby files this Response to the Court's Order to Show Cause (Dkt. No. 8) why this action should not be dismissed by Magistrate Judge Gordon P. Gallagher on September 16, 2015. ICC's Response is made and based upon the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

As this Court is aware, pursuant to established precedent, the Court is afforded the inherent power to supervise proper administration of justice regarding to whether to impose the general rule that corporations or other business entity can only appear in

court through an attorney and not through a non-attorney corporate officer appearing *pro se*. Within the exercise of such discretion, the Court may dismiss the action.

In this case, ICC, by way of Mr. Giles, respectfully requests that this Court not dismiss the pending action. While ICC genuinely regrets having to file the action pro se, it seems that ICC may qualify either under exceptions highlighted in Colorado statute or Federal case precedent to permit ICC, on behalf of Mr. Giles, to proceed as a pro se litigant.

According to the United States Court of Appeals for the Tenth Circuit, "local rules of practice, as adopted by the district court, `have the force and effect of law, and are binding upon the parties and the court which promulgated them until they are changed in [an] appropriate manner.'" *Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir.1980) (quoting *Woods Constr. Co. v. Atlas Chem. Indus., Inc.*, 337 F.2d 888, 890 (10th Cir.1964), cert. denied, 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981)). "[A]lthough district judges must follow local rules when adherence furthers the policies underlying the rules, they have discretion in applying and interpreting local rules." *Hernandez v. George*, 793 F.2d 264, 267 (10th Cir.1986). "[C]onsiderable deference is accorded to the [court's] interpretation and application of [its] own rules of practice and procedure." *Bylin v. Billings*, 568 F.3d 1224, 1230 n. 7 (10th Cir.2009) (quoting *Smith v. Ford Motor Co.*, 626 F.2d at 796) (alterations in original).

In addition to being a District Court of Colorado Local Attorney Rule, it has also been a long standing legal principle that a corporation must be represented by an attorney to appear in federal court. See *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-03, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel."); *Commercial & R.R. Bank of Vicksburg v. Slocomb, Richards & Co.*, 39 U.S. (14 Pet.) 60, 65, 10 L.Ed. 354 (1840) ("[A] corporation cannot appear but by attorney...."); *Osborn v. Bank of the U.S.*, 22 U.S. (9 Wheat.) 738, 830, 6 L.Ed. 204 (1824) ("A corporation, it is true, can appear only by attorney, while a natural person may appear for himself.");

*Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir.2006) ("It has been our longstanding rule that a corporation must be represented by an attorney to appear in federal court."); *DeVilliers v. Atlas Corp.*, 360 F.2d 292, 294 (10th Cir.1966) ("[A] corporation can appear in a court of record only by an attorney at law."); *Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir.1962) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law."); *Turner v. American Bar Assn.*, 407 F.Supp. 451, 476 (N.D.Tex.1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel).

II.     REASONABLE ROYALTY AND/OR LOST PROFITS UNDER $15K

Section 1654 of Title 28 states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Courts interpret 28 U.S.C. § 1654 not to allow corporations to proceed pro se. *Rowland v. Cal. Men's Colony*, 506 U.S. at 202, 113 S.Ct. 716 ("Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." (citations and footnote omitted)). However, Colorado Revised Statute Title 13, Article 1, Part 127 provides one exception to the rule. C.R.S. 13-1-127 (2) states:

> (2) Except as otherwise provided in section 13-6-407, a closely held entity may be represented before any court of record or any administrative agency by an officer of such closely held entity if:
>     (a) The amount at issue in the controversy or matter before the court or agency does not exceed fifteen thousand dollars, exclusive of costs, interest, or statutory penalties, on and after August 7, 2013; and
>     (b) The officer provides the court or agency, at or prior to the trial or hearing, with evidence satisfactory to the court or agency of the authority

of the officer to appear on behalf of the closely held entity in all matters within the jurisdictional limits set forth in this section.

Accordingly, if the Court determines the reasonable royalty or lost profits associated with this matter does not exceed fifteen thousand dollars, then it seems that Mr. Giles, on behalf of ICC, my proceed as a *pro se* litigant.

III.  REASONABLE ROYALTY AND/OR LOST PROFITS OVER $15K

In the scenario where the Court determines that a reasonable royalty and/or lost profits may exceed fifteen thousand dollars, ICC has discovered two federal cases in which artificial entities may be represented by persons who are not licensed attorneys: *United States v. Reeves*, 431 F.2d 1187 (CA9 1970) (per curiam) (partner can appear on behalf of a partnership), and *In re Holliday's Tax Services, Inc.*, 417 F.Supp. 182 (E.D.N.Y.1976) **[784 F.Supp.2d 1227]** (sole shareholder can appear for a closely held corporation), affirmance order sub nom. *Holliday's Tax Services, Inc. v. Hauptman*, 614 F.2d 1287 (Table) (C.A.2 1979).

In matter of *Holliday's Tax Services, Inc.*, the Honorable Jack Weinstein, United States District Court Judge for the Eastern District of New York, held, based on the court's "inherent power to supervise proper administration of justice," that it had authority to "[m]odify the absolute rule of corporate representation in bankruptcy cases" to allow the sole shareholder of a corporation to appear *pro se* on the corporation's behalf in a bankruptcy proceeding where the neither the corporation nor the shareholder could afford an attorney. 417 F.Supp. at 183. Judge Weinstein demonstrated the Court's inherent power to administer justice and rejected application of the rule to small, closely-held corporations.

Further, Judge Weinstein declares, "A person's day in court is, however, more important than the convenience of the judges. We recognize this hierarchy of values when we guarantee by statute (28 U.S.C. § 1654) and Constitution (*Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975))**[784 F.Supp.2d 1228]** the right of real

persons to appear pro se. *To require this corporation to appear by a lawyer is effectively to exclude it and its sole shareholder from the courts."* (emphasis added).

Judge Weinstein further opines, "Were counsel freely available to lower and middle income persons in civil cases, the traditional rule requiring corporations, whether large or small, to appear by a lawyer would work no hardship. But the lack of a guarantee of counsel to persons of modest means like Mr. Holliday remains one of the scandals of our judicial system." Moreover, Judge Weinstein reasoned that providing a small corporation with its day in court outweighed competing considerations:

> It appears when we ask ourselves this question: Suppose a corporation were too impoverished to employ a lawyer to defend it ... should the corporation be denied its day in Court?

Factually analogous to *In re Holliday's Tax Services, Inc.*, ICC is a closely held, single member limited liability corporation where the neither the corporation nor the shareholder could afford an attorney. Mr. Giles, on behalf of ICC, respectfully requests that this Court modify "the absolute rule of corporate representation" in this patent infringement case and utilize its "inherent power of a court to supervise the proper administration of justice" in order to permit this matter to proceed. (417 F.Supp. at 183-84).

IV.     CONCLUSION

In light of the foregoing facts and circumstances, Mr. Giles on behalf of ICC, believes that its failure to fully comply with the aforementioned general rule should not subject ICC to dismissal of the action. Whether the Court determines the reasonable royalty and/or lost profits at stake in this matter above or below the fifteen thousand dollar limit, ICC, on behalf of Mr. Giles, should qualify as an exception under either scenario. However, if the Court decides to apply the rule of corporation representation, under these circumstances, ICC has fewer options than a natural person: ICC can either attempt to somehow obtain counsel elsewhere or lose the opportunity to appear in

federal court. Therefore, pursuant to D.C.COLO.LCivR 8.1 and 1915(e)(1), ICC respectfully submits a Motion for Appointment of Counsel in this matter.

Date: 10/2/2015

Respectfully submitted,

*[signature]*

Samuel K. Giles, MBA
U.S. Patent Agent, Reg. No. 68,877
INTELLECTUAL CAPITAL CONSULTING, LTD.
3160 W. 71st Avenue, Suite 307
Westminster, CO 80030
skgiles@icapitalconsulting.com