IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01994-GPG

INTELLECTUAL CAPITAL CONSULTING, LTD, A Colorado Company,

    Plaintiff,

v.

VOLVO CAR CORPORATION, A Swedish Corporation, and
VOLVO CARS OF NORTH AMERICA, LLC, A Delaware Company,

    Defendants.

---

## ORDER OF DISMISSAL

---

Mr. Samuel K. Giles, a *pro se* litigant, has filed this patent infringement action on behalf of Intellectual Capital Consulting, LTD. Mr. Giles resides in Westminster, Colorado. Upon review of the Complaint, Magistrate Judge Gallagher determined the following.

> The Court will first address Mr. Giles ability, as a *pro se* litigant, to represent Intellectual Capital Consulting, Ltd. It is well settled that corporations or similar business entities (e.g., partnerships, limited liability companies) must appear in this Court through a licensed attorney. *See Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556-57 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."); D.C. COLO.LAttyR 5(b) ("Where the client of the withdrawing attorney is a corporation, partnership, or other legal entity, the notice shall state that such entity may not appear without counsel admitted to the bar of this court . . . .") (emphasis added). Mr. Giles, therefore, will be directed to respond and show cause why this action should not be dismissed because he may not represent Plaintiff in a *pro se* capacity

Ord. Show Cause, ECF No. 8, at 1-2.

On October 2, 2015, Mr. Giles filed a Response to the Order to Show Cause. He concedes in the Response that "it has . . . been a long standing legal principle that a

1

corporation must be represented by an attorney."  Resp., ECF No. 13, at 2.  Mr. Giles also states that 28 U.S.C. § 1654 has been interpreted to not allow corporations to proceed *pro se*; but, nonetheless, he contends that the Colo. Rev. Stat. § 13-1-127 provides an exception for allowing an officer of a closely held entity to represent a corporation when the amount at issue in a controversy does not exceed $15,000.  ECF No. 13 at 3.  Mr. Giles also relies on two cases, one from the Ninth Circuit, *United States v. Reeves*, 431 F.2d 1187 (9th Cir. 1970), and the other from the Eastern District of New York, *In the Matter of Holliday's Tax Svcs., Inc.*, 417 F. Supp. 182 (E.D. N.Y. June 24, 1976) (unpublished), *aff'd Holliday's Tax Svcs., Inc. v. Hauptman*, Nos. 79-5019 and 5020 ( 2nd Cir. 1979)), which Mr. Giles contends determined that "artificial entities may be represented by persons who are not licensed attorneys."  *Id.* at 4.

Neither *Reeves* nor *Holliday's Tax Svcs, Inc.* is controlling law in the Tenth Circuit, or for that matter, in this Court; and the Court finds no basis for relying on either case for allowing Mr. Giles to proceed in this action in the capacity of representing Intellectual Capital Consulting, Ltd. as a nonattorney.  Nor would this Court follow Colo. Rev. Stat. § 13-1-127 in this patent infringement action.  This case is filed pursuant to 35 U.S.C. §§ 271 and 281, and based on jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

Because a nonattorney may not represent a corporation in the Tenth Circuit, *see Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (a corporation must by represented by an attorney to appear in federal court), and federal district courts have the discretion to promulgate rules that have the force and effect of the law, *see* Fed. R. Civ. P. 83(a)(1) (grants each district court authority to promulgate rules that govern litigation before it); *see also Smith v. Ford Motor Co.*, 616 F.2d 784, 796 (10th Cir. 1980) (local rules have the

force and effect of the law), Mr. Giles may not represent Intellectual Capital Consulting, Ltd., in this Court.   The Complaint and action, therefore, will be dismissed.

The Court further notes that Mr. Giles' request for appointment of counsel, stated on page six of the Complaint, is improperly before this Court.   As found above, Mr. Giles may not represent Intellectual Capital Consulting, Ltd.   Mr. Giles request for appointment of counsel, therefore, is subject to being stricken because it was not submitted by a person who is authorized to make such a request.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status will be denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Mr. Giles files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice for the reasons stated above.   It is

FURTHER ORDERED that leave to proceed in forma pauperis on appeal is denied.   It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this   18th   day of   November  , 2015.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court